UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CHARLES LIVERMORE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>    vs.<br><br>BLITT AND GAINES, P.C.,<br><br>        Defendant. | Case No.: 17-cv-940<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Charles Livermore is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Blitt and Gaines, P.C. ("Blitt") is an incorporated Illinois law firm with its principal place of business located at 661 Glenn Avenue Wheeling, Ill. 60090.

6. Blitt is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Blitt is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GC is a debt collector as defined in 15 U.S.C. § 1692a.

8. Blitt is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GCS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

9. On or about February 2, 2017, Blitt mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to: "CAPITAL ONE BANK (USA), N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit A.

10. On information and belief, the alleged debt referred to in Exhibit A is a Capital One branded credit card account.

11. The alleged debt was alleged incurred for personal, family or household purposes.

12. Exhibit A was the first letter that Blitt sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Upon information and belief, Exhibit A is a form, initial communication, debt collection letter used by Blitt to attempt to collect alleged debts.

15. Exhibit A contains the following text:

> Unless you dispute the validity of this debt or any part of it within thirty (30) days from the date of receipt of this letter, we will assume the debt is valid. If in that time you advise us in writing of a dispute we will obtain verification or a copy of the judgment and mail it to you.
>
> If you request of us in writing within (30) days from the date of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

2

Exhibit A.

## **VIOLATIONS OF THE FDCPA**

16. The text in GCS's letter to Plaintiff and the class is inconsistent with 15 U.S.C. § 1692g(a), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. Exhibit A states that, if "you advise us in writing of a dispute, we will obtain verification or a copy of the judgment and mail it to you."

18. Exhibit A states that, upon the consumer's timely, written request, Blitt will send the consumer "a copy of the judgment."

19. At the time Blitt mailed Exhibit A to Plaintiff, no judgment existed.

3

20. The unsophisticated consumer would interpret the phrase "obtain … a copy of the judgment" in Exhibit A as meaning that judgment had already been entered against Plaintiff, or alternatively, that judgment would be entered regardless of whether Plaintiff sends a written dispute.

21. The effect of GCS's language is to discourage disputes. The consumer would likely wonder what good it would do to dispute the debt if judgment has already been entered against him.

22. Exhibit A also does not make it clear whether the debt collector will be verifying the debt or simply verifying the existence of the dispute.

23. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

24. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Defendant's misrepresentation is a material false statement.

25. Obscuring the purpose of the debt verification process raises an impediment to consumers who wish to dispute an alleged debt because it confuses consumers into believing debt collectors are not responsible for actually verifying debts unless the creditor has already obtained a judgment.

26. Plaintiff was confused by Exhibit A.

27. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

4

28. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

29. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory

damages for violations. 15 U.S.C. § 1692k(a). Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

30. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I -- FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. The language in Blitt's letter is false, misleading and confusing to the unsophisticated consumer.

33. Exhibit A states that Blitt will send "a copy of the judgment" to Plaintiff

34. At the time Blitt sent Exhibit A to Plaintiff, no judgment had been entered against Plaintiff.

35. Defendant has failed to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

36. The representation that Capital One had already obtained a judgment was false and misleading.

37. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(4), 1692e and 1692e(10).

## COUNT II – FDCPA

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. The language in Blitt's letter is false, misleading and confusing to the unsophisticated consumer.

40. Exhibit A implies to the consumer that Blitt is not responsible for obtaining verification of debts when the plain language of the statute requires this. 15 U.S.C. § 1692g(a)(4).

41. Defendant has failed to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

42. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(4), 1692e and 1692e(10).

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or

household purposes, (d) between July 10, 2016, and July 10, 2017, inclusive, (e) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 10, 2017

                              **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
      Shpetim Ademi (SBN 1026973)
      John D. Blythin (SBN 1046105)
      Mark A. Eldridge (SBN 1089944)
      Denise L. Morris (SBN 1097911)
      3620 East Layton Avenue
      Cudahy, WI 53110
      (414) 482-8000
      (414) 482-8001 (fax)
      sademi@ademilaw.com
      jblythin@ademilaw.com
      meldridge@ademilaw.com
      dmorris@ademilaw.com